Common Pleas Court of Hamilton County.

A. HUNTER WILLIS V. HENRY B. STREET ET AL.
A. HUNTER WILLIS V. LONG & ALSTATTER CO. ET AL.

Decided July 20, 1933.

*Coleman Avery* and *Peck, Shaffer & Williams,* for plaintiff.

*Henry B. Street* and *Harmon, Colston, Goldmsith & Hoadly,* for defendant.

ALFRED MACK, J.

.Plaintiff in the second of above captioned actions procured a judgment in the Court of Common Pleas of Hamilton county, Ohio, against the Long & Alstatter Company and F. B. Yingling. Error was prosecuted to the Court of Appeals of Hamilton county, Ohio, and in due course said judgment was affirmed. Thereafter, a motion to certify the record of said case was filed in the Supreme Court of Ohio, and denied.

As the result of the foregoing it is conclusively established that plaintiff has a valid and incontestable judgment against the Long and Alstatter Company and F. B. Ying-

ling, and is entitled to pursue the processes of law for the collection of such judgment out of the real and personal property of said defendants, subject only to valid liens thereon.

In due course and before the judgment of the Court of Appeals, affirming the judgment of this court, and before the judgment of the Supreme Court denying said motion to certify the record of said Court of Appeals, a writ of execution was issued directing the Sheriff of Butler county, Ohio, to make the amount of the judgment out of so much of the goods and chattel of the defendants as may be found in his county, and if not, to cause said sum to be made out of the lands and tenements of the defendants in his county.

Said sheriff of Butler county, Ohio, made a return showing a levy on certain real and personal property of defendant, The Long and Alstatter Company. Thereafter an order for sale was issued to said sheriff to sell the property levied on and described in his return. Such sale was advertised by said sheriff. Before the time fixed for such sale the Long and Alstatter Company, Yingling, and the First National Bank and Trust Company of Hamilton, Ohio, filed a petition in the Court of Common Pleas of Butler county, Ohio, for an injunction against such sale on the grounds hereinafter stated, and a temporary restraining order was granted by said court against said sale. Four other orders for sale were issued to said sheriff, the last one having been issued on May 1, 1933, after the judgment of the Supreme Court of Ohio. Said sheriff is refusing to execute said order for sale on account of said temporary injunction issued by said Common Pleas Court of Butler county.

In said action in the Common Pleas Court of Butler county, Willis, plaintiff herein, entered his appearance specially and moved for a dissolution of the temporary injunction. The trial judge, Honorable E. J. Kautz, did not pass on said motion, and the motion is now pending before Judge Boyd and is set for hearing.

Said First National Bank and Trust Company of Hamilton, Ohio, claims to have a mortgage upon some of the property of the Long and Alstatter Company, upon which the sheriff of Butler county has levied.

Said petition in the Court of Common Pleas of Butler county praying for an injunction against the sheriff advertising or selling the property levied upon, contains seven causes of action which briefly stated, are:

1. The judgment of this court was rendered before three days had expired after the announcement of the decision of this court.

2. At no time did the sheriff in fact make any levy on the personal property mentioned in his return.

3. That the First National Bank and Trust Company claims certain personal property levied upon by the sheriff, and that there is pending before a justice of the peace the right of trial as to such personal property.

4. That Willis, the plaintiff, prior to the institution of his suit in this court upon which he obtained judgment, transferred all of his right, title and interest therein to the National Erie Company, and that he was not a real party in interest.

5. That the judgment is founded on a supersedeas bond executed by the Long and Alstatter Company which it is claimed had no right or authority to execute such bond, and that said bond was void.

6. That the sheriff includes in his levy of personal property certain items which are, in fact, real estate and not chattel property.

7. That the property advertised for sale can not be lawfully sold without a proceeding by the plaintiff, Willis, to marshall liens thereon.

Willis, plaintiff herein, after the decision of the Supreme Court of Ohio denying the motion to certify the record, applied to the Court of Appeals of Butler county for a writ of prohibition against the Judge of the Common Pleas Court of Butler county, Ohio, and such writ was denied. In the opinion by Ross, J., on April 24, 1933, denying the writ, it is stated:

"If the contention of the plaintiff in this case is correct, the bank must resort to the Common Pleas Court of Hamilton county and in the proceeding resulting in the judgment upon which execution is now sought to be levied, seek relief. We think that one whose property is so levied upon can not be required to resort to a tribunal chosen by the person responsible for the wrongful levy.

"In this position we consider ourselves amply sustained

by a much weaker case than that presented. · We refer to *The State, ex rel Carmody et al.,* v. *Justice, Judge, et al.,* 114 O. S. 94."

From said denial of the writ of prohibition error has been prosecuted to the Supreme Court of Ohio, where said matter is now pending.

In the first of the above captioned cases a temporary restraining order is prayed for against the plaintiffs, in said action in said Court of Common Pleas of Butler county and their attorneys, restraining them from further prosecuting such suit and for a mandatory injunction requiring them to dismiss said cause.

In the second above captioned case an application is made against attorneys in said cause in Butler county, on the ground that they have interfered with and are preventing a sale on execution of the property of the Long and Alstatter Company, and asking that they show cause why they should not be committed for contempt of this court.

Determination of these matters in the opinion of the court is not difficult if certain well established propositions are borne in mind and reference is made to certain decisions enunciated by the Supreme Court of Ohio.

Briefly stated the contention of the plaintiff in the instant cases is that inasmuch as this court has rendered a valid judgment and an execution has been issued thereon and levy made, no other court has any jurisdiction upon any possible alleged grounds to interfere with the process of this court; that the sheriff of Butler county by virtue of the levy made by him is an officer of this court; that the property levied upon is in the custody of this court; that any claimant to the same or any part thereof must assert his rights in this court.

"Jurisdiction" is the power of a court to entertain an action or proceeding. Obviously, there is a clear distinction between the jurisdiction of a court to entertain an action or proceeding, upon a petition which may be demurrable for want of necessary allegations constituting a cause of action, or stating allegations which may not be proven upon trial or subject to an answer which may set up a

complete defense to the action, on the one hand, and a case where, on the other hand, there is *no power whatever in the court* to entertain an action or proceeding of the character alleged in the petition. In the first class of cases a decision of the court is necessary leaving to the defeated party the right to have a review and correction of the alleged error by a proceeding in error or appeal in cases that are truly chancery cases. In the latter class of cases the judge is without power to even attempt a decision on the matter. In such latter class of cases a writ of prohibition, which is in effect an injunction against hearing of the case, is an appropriate remedy.

Our Supreme Court has often declared that prohibition is never an appropriate remedy for the correction of errors and does not lie to prevent an erroneous decision in a case which the court is authorized to adjudicate. It is stated that prohibition does not serve the purpose of an injunction to prevent the trial court from committing error. *State ex rel Nolan* v. *Clen Denning*, 93 O. S., 264; *State ex rel Garrison* v. *Brough*, 94 O. S. 115; *Kelly* v. *State ex rel Gellner*, 94 O. S. 331; *State ex rel Carmody* v. *Justice*, 114 O. S. 94; *State ex rel Kriss* v. *Richards*, 102 O. S., 455; *State ex rel Niederlehner* v. *Mack*, 125 O. S. 559.

In *Miller* v. *Longacre*, 26 O. S. 291, parties recovered a judgment in the Common Pleas Court of Marion county for $1019.41. Execution was levied on personal property in Union county. Thereafter, on a second trial in Marion county, a judgment was rendered for $397.00 only, and the judgment last named remained in full force, and the judgment on which the execution was issued was vacated by the second trial. Thereafter, proceedings were commenced in Union county tendering the amount of the second judgment and costs and seeking an injunction against the enforcement of the execution on the first judgment. The judgment creditor answered claiming that his first judgment remained in full force, and that his execution was valid and ought to be enforced for the full amount thereof and stating that the proceedings taken for the second trial did not affect said judgment. The court in Union county granted a temporary injunction against the collec-

tion of the first judgment, and the case was appealed to the District Court, where the petition was dismissed. The Supreme Court reversed the action of the District Court, holding that under the circumstances of that case it was its opinion that the injunction ought to have been granted. At page 297 the court said, per White, J.:

"The remaining question is whether the plaintiffs in error mistook their remedy in bringing an independent suit in the Court of Common Pleas of Union county, to enjoin the execution. The question is whether they ought not to have applied to the Court of Common Pleas of Marion county—the court from which the execution issued—by motion to have the execution set aside, and whether that was not their only remedy?

"That mode of procedure would doubtless have been the more appropriate; but if it had been resorted to, it is most likely a restraining order would have been required to stay proceedings under the execution until the motion could have been acted on by the court.

"Jurisidiction in equity has been maintained to enjoin the enforcement, by execution, of a judgment which had been paid, not withstanding the right of the complainant to proceed by motion in the court issuing the execution, to have satisfaction of the judgment entered, and the execution set aside. *Crawford* v. *Thurmond, et al,* 3 Leigh, 85.

"In the present case, the judgment had not been paid, but the amount due had been tendered, and it was brought into court for the use of the plaintiff in the execution. It is also to be observed that the defendant in error, the execution creditor, appeared and answered to the merits, making no objection to the jurisdiction or the mode of proceeding. In such case, where the right of the party is clear, and the court is competent to give relief, it has been often held that the objection that there is an adequate remedy at law comes too late. *Rees* v. *Smith,* 1 Ohio, 124; *Nicholson* v. *Pim,* 5 Ohio St. 25."

It will thus be observed that said decision involved the effect of an execution issued by a court which afterwards itself set aside the judgment on which said execution was founded. It is suggested in the opinion that the appropriate procedure would have been to resort to said court to set aside said judgment. The judgment creditor having, however, litigated the mat-

ter in the county where the execution was levied, it was held that his objection that there was an *adequate* remedy in the court which rendered the judgment came too late. If this decision stood alone this court would feel bound to follow the suggestion that resort should have been had to the court which rendered the judgment. However, there are subsequent decisions which, in the opinion of the court, hold that in a proper case parties are not compelled to seek remedies exclusively in the court rendering a judgment.

In *Darst* v. *Phillips,* 41 O. S. 514, a judgment was obtained in the Common Pleas Court of Williams county. Execution was issued to the sheriff of Lucas county who levied on goods of the judgment defendants. Thereupon, such judgment defendants brought an original action in the Common Pleas court of Lucas county, averring that the judgment had been fraudulently obtained and praying for an injunction. The case was heard on appeal in the District court, and a demurrer to the jurisdiction of the court was overruled, and a perpetual injunction granted. Said judgment was affirmed by the Supreme Court, the case of *Miller* v. *Longacre* being discussed in the opinion. From this decision one can not conclude otherwise than that in a case alleging proper grounds impeaching the *validity* of a judgment, the court of a county to which such execution is sent has jurisdiction to enjoin a sale upon such execution.

In the recent case of the *State ex rel Carmody* v. *Justice,* 114 O. S. 94, judgments were rendered by the Common Pleas Court of Cuyahoga county and executions sent to the sheriff of Marion county to satisfy such judgments. The judge of the Common Pleas Court of Marion county enjoined the sheriff from levying upon or disposing of any property of the judgment debtors by reason of such writs. A writ of prohibition against the Court of Common Pleas granting an injunction was prayed in an original proceeding in the Supreme Court. The writ was denied in an opinion by Judge Matthias, said opinion stating at page 97:

"Concededly, the Court of Common Pleas has jurisdiction of the subject-matter of the action in injunction now pending in that court. The Court of Common Pleas is fully authorized to determine whether the facts are such as to

authorize the issuance of an injunction and the application of the case of *Darst* v. *Phillips,* 41 Ohio St. 514. If a party thereto is aggrieved by the judgment entered by that court, and believes the same to be erroneous, he has a full and adequate remedy in error, and is therefore not entitled to the extraordinary writ of prohibition."

From the foregoing, this court is of opinion that the Court of Common Pleas of Butler county upon proper grounds had jurisdiction to entertain a proceeding seeking to enjoin sale under said writ of execution issued by this court.

In the opinion of this court the only one of the alleged six grounds stated in said petition which was a debatable ground for founding jurisidiction in said court was the first ground. That ground has been finally and conclusively decided not to be a debatable one, and it is the duty of said court to follow the decision so holding.

As to the second, third, fourth, fifth and sixth grounds they are purely matters relating only to the extent of the writ of execution and must be determined by this court which issued the execution.

As to the seventh ground it is, in the opinion of this court, one which will be held bad on demurrer. A party having a lien on property about to be sold on execution can not compel the execution creditor to marshall liens. The execution creditor or a purchaser upon sale under an execution acquires only the title of the judgment debtor. The rights of the lien holders are not destroyed by such sale. The lien holder himself can thereafter by appropriate proceedings have his rights determined just as the lien holder did in the case of *Coal Co.* v. *First National Bank,* 55 O. S. 233, where, notwithstanding a sale, the lien holder afterwards obtained its rights.

While said opinion of the Court of Appeals denying the writ of prohibition is founded on the case of *State ex rel Carmody* v. *Justice,* 114 O. S. 94, which is one of the many cases above cited on the same proposition, namely, that a writ of prohibition is not an appropriate remedy for the correction of errors, the expression therein relating to the bank not being compelled to resort to this court for relief

as to its lien is, in the opinion of this court, unnecessary to the decision of that case. In the opinion of this court it is true that such bank can not be compelled to resort to this court for the enforcement of its lien, but it is nevertheless also true that a sale on execution of property upon which the bank has a lien does not affect the lien of such bank. At any time after sale under such execution such bank could have appropriate proceedings to establish its rights to and under such lien.

It was earnestly urged in argument of the first captioned case that the proceeding is in *personan,* and that this court has jurisidiction over the persons to compel them to dismiss the proceeding in the Court of Common Pleas of Butler county. In the opinion of this court, however, the proposed action seeks to accomplish by an order of injunction and by a mandatory injunction exactly what the Court of Appeals in the prohibition case above mentioned and the Supreme Court in the cited cases has said can not be done, namely that errors can not be corrected by injunctive or prohibition proceedings.

It is scarcely necessary to add that this court is of opinion that upon the hearing of the motion to dissolve the injunction, Judge Boyd will promptly dissolve the same for the reasons indicated above. His refusal to do so can be speedily reviewed on appeal to the Court of Appeals.

It follows that the injunction in the first captioned case will be denied. In the second captioned case the order to show cause will be refused on the ground that this court ought not to punish, as for contempt, proceedings taken by attorneys in a case where there has been so much debate as to the alleged rights of the clients of such attorneys.